BARKDULL, Judge,
(partially dissenting.)
This case involves a plaintiff, who immediately prior to the incident in question, as a passenger seated in the front of an eighteen foot boat operated by her husband, got wet, but was otherwise unhurt when her boat encountered the wake of another. When they approached a similar wake her husband instructed her to move from her seat in the front of the boat to the rear. While in the process of following her husband’s instructions the boat struck the wake and she was injured. It is obvious that had she remained in her original seat the most inconvenience she would have suffered, would have been another soaking. It occurs to me that the instructions of the captain of the vessel in which she was a passenger, was the direct and proximate cause of her injuries. It was not necessarily foreseeable that under these circumstances the captain of the Reef Rover had any reason to believe that the captain of the smaller vessel would direct his passenger therein to attempt to change positions on his vessel while striking a boat wake. The instructions of the captain of the smaller vessel *623 was the direct cause of his passenger’s injury, having placed the passenger in a position of extreme peril.
I would find that the trial court erred in denying the motion for directed verdict for two reasons. First, the record fails to reveal any evidence that the Reef Rover V was operating in anything other than a normal manner for safe passage of a creek with a width of 360 plus feet, with a wake not in excess of twenty inches, in an area that it had previously traversed many times, and that the appellee’s injuries were not foreseeable. Second, and most important, even if there was negligence on the part of the operator of the Reef Rover V (which I do not find) that negligence was not the proximate cause of the appellee’s injuries. The independent proximate ease of appellee’s injuries was her obeying the instructions of the operator of the vessel in which she was a passenger. I would reverse with directions to enter judgment for the defendant, in other respects I concur with the opinion of the majority.